# 1016

In the Matter of Supplementary Proceedings: OCEAN VIEW—THE CEMETERY BEAUTIFUL, INC., Judgment Creditor, Respondent, v. VALHALLA BURIAL PARK, INC., Judgment Debtor. FELIX J. CIZMOWSKI and WALTER JOHN KING. Subpœnaed Witnesses, Appellants.— Appeal from two orders adjudging appellants Cizmowski and King, respectively, in contempt of court for failing to be sworn and testify as witnesses pursuant to subpœnas served on them in proceedings supplementary to judgment. Orders affirmed, with ten dollars costs and disbursements, the fines provided for in the orders to be paid within ten days from the entry of the order hereon and the examinations to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

GUSTAVE JOHNSON, Respondent, v. 87TH SHORE ROAD REALTY CORP., Appellant.— Action to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant, when a screen in a window of an apartment in defendant's multiple dwelling came down upon the plaintiff, who was seated on a window sill cleaning that window, causing the plaintiff to fall to the ground. Judgment in favor of the plaintiff, entered upon a jury verdict, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

HARRY KARLINSKY, Respondent, v. MORRIS SILBERMAN, Individually and as Executor, etc., of IKE SILBERMAN, Deceased, Appellant.— This action was brought to recover for services alleged to have been performed by plaintiff between February 1, 1930, and January 15, 1937. He alleges that he duly managed, controlled, rented, leased and collected the rents of certain real estate in the borough of Brooklyn, for which services he seeks compensation. Plaintiff has recovered judgment, entered upon the verdict of a jury. From such judgment defendant appeals. Judgment reversed on the law and the facts, without costs, and complaint dismissed upon the law, with costs. Concededly, plaintiff is not a licensed real estate broker. Some of the services claimed to have been rendered by him are clearly within the purview of the provisions of article 12-A of the Real Property Law; and no recovery may be had for any of the services rendered. (*American Store Equipment & Constr. Corp.* v. *Jack Dempsey's Punch Bowl, Inc.*, N. Y. L. J. May 4, 1939, p. 2055; affd., without opinion, 258 App. Div. 794; affd. by the Court of Appeals, 283 N. Y. 601.) Conceding, *arguendo*, that article 12-A does not apply, the verdict is against the weight of evidence. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

DOROTHY MANSFIELD and JACK MANSFIELD, Respondents, Appellants, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant, and CITY OF NEW YORK, Respondent.— Action by plaintiff-wife for personal injuries suffered by a fall, caused by a hole in the pavement within the track area of the appellant Transit Corporation, and by her husband for loss of consortium and medical expenses. On appeal by defendant-appellant, the judgment is unanimously affirmed, with costs to the plaintiffs-appellants. On appeal by plaintiffs-appellants, the judgment, in so far as appealed from, is unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.